# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-1161 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| BOARD OF PROBATION AND PAROLE ) | |
| (PENNSYLVANIA), DEPARTMENT OF ) | |
| CORRECTION(S), HEATHER ) | |
| HILDENBRANDT, MR. DOUGLAS, JUDGE ) | Re: ECF No. 6 |
| RANDAL B. TODD, JEREMY STEWART, ) | |
| MS. TORMA, and DR. RICHARD LEARN, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Lynne Thompson ("Plaintiff") initiated this action against Defendants Pennsylvania Board of Probation and Parole, Pennsylvania Department of Corrections, Heather Hildenbrandt, Mr. Douglas, Judge Randal B. Todd ("Judge Todd"), Jeremy Stewart, Ms. Torma and Dr. Richard Learn (collectively, "Defendants"), in the Court of Common Pleas of Allegheny County, Pennsylvania, on January 19, 2016. In her Complaint, Plaintiff purports to raise civil rights claims for malicious prosecution, "wrongful incarceration," and various other actions (illegal restraint, abuse of authority, fraud, conspiracy, abuse of power, malicious arrest, prosecutorial misconduct), stemming from her arrest by a state parole agent on a state detainer, which Plaintiff claims was based on a "bogus" charge. Id. Defendants timely removed the case to this Court on July 29, 2016. ECF No. 1.

Presently before the Court is a Motion to Dismiss filed on behalf of Defendant Judge Todd. ECF No. 6. For the reasons that follow, the Motion will be granted.

## I.     STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See Cal. Pub. Empls.' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986).  Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

In addition, although *pro se* filings must be held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520–521 (1972), *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

See Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Weimer v. B.I. Vanorsdale, 2012 WL 5469877, at *2 (W.D. Pa. Nov. 9 2012).

## II. DISCUSSION

In the instant Motion, Judge Todd argues that the Complaint against him is properly dismissed because Plaintiff has failed to allege any facts to support her claims. The Court agrees.

Indeed, the only assertion in the Complaint relative to Judge Todd, is that he engaged in prosecutorial misconduct, conspiracy and abuse of authority. ECF No. 1-1 ¶ 22. Plaintiff's assertion, however, is nothing more than a conclusion and contains no facts that would allow the Court reasonably infer that Judge Todd is liable for any of the alleged misconduct or raise Plaintiff's right to relief above the speculative level. Under these circumstances, Plaintiff's claims against Judge Todd are properly dismissed.

The Court also notes that, although Plaintiff has arguably included some "facts" relative to Judge Todd in her brief in opposition to Judge Todd's Motion to Dismiss, it is well settled that a plaintiff may not amend the Complaint through the brief filed in opposition to a motion to dismiss. See Commonwealth of Pa. ex. rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Further, although the United States Court of Appeals for the Third Circuit has held that when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint whether or not the plaintiff has asked to do so, the Court is not required to allow an amended complaint to be filed where it would be inequitable or futile. See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), *citing* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here, although not argued by Judge Todd, it appears that he is entitled to judicial immunity and thus allowing Plaintiff to amend her

3

Complaint against him would be futile.  Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009), *quoting* Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) and Stump v. Sparkman, 435 U.S. 349, 359 (1978) ("[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts" [even if] "the action he took was in error, was done maliciously, or was in excess of his authority"); Van Tassel v. Lawrence Cty. Domestic Relations Section, 659 F. Supp. 2d 672, 696 (W.D. Pa. 2009), *aff'd sub nom.* Van Tassel v. Lawrence Cty. Domestic Relations Sections, 390 F. App'x 201 (3d Cir. 2010) ("[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors and [j]udicial immunity cannot be overcome by allegations of bad faith or malice") (internal quotations and citations omitted).  As such, the Court declines to permit Plaintiff to amend her Complaint with respect to Judge Todd.

### III. CONCLUSION

For the foregoing reasons, Defendant Judge Todd's Motion to Dismiss is properly granted.  Accordingly, the following Order is entered:

### ORDER

AND NOW, this 13th day of July, 2017, upon consideration of Defendant Judge Todd's Motion to Dismiss and Plaintiff's response thereto, IT IS HEREBY ORDERED that the Motion to Dismiss filed on behalf of Defendant Judge Todd, ECF No. 6, is GRANTED, and that Judge Todd is dismissed from the case.

                        BY THE COURT:

                        /s/ Maureen P. Kelly
                        MAUREEN P. KELLY
                        CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Lynne Thompson
11 Hardwood Road
Pittsburgh, PA 15235

All counsel of record via CM/ECF