## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNNE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1161 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| BOARD OF PROBATION AND PAROLE (PENNSYLVANIA), DEPARTMENT OF CORRECTION(S), HEATHER HILDENBRANDT, MR. DOUGLAS, JUDGE RANDAL B. TODD, JEREMY STEWART, MS. TORMA, and DR. RICHARD LEARN, | ) ) ) ) ) ) ) | Re: ECF No. 50 |
| Defendants. | ) | |

## ORDER

Plaintiff Lynne Thompson ("Plaintiff") initiated this action against Defendants Pennsylvania Board of Probation and Parole ("BPP"), Pennsylvania Department of Corrections ("DOC"), Heather Hildenbrandt, Mr. Douglas, Judge Randal B. Todd ("Judge Todd"),[1] Jeremy Stewart, Ms. Torma and Dr. Richard Learn (collectively, "Defendants"), in the Court of Common Pleas of Allegheny County, Pennsylvania, on January 19, 2016. In her Complaint, Plaintiff purports to raise civil rights claims for malicious prosecution, "wrongful incarceration," and various other actions (illegal restraint, abuse of authority, fraud, conspiracy, abuse of power, malicious arrest, prosecutorial misconduct), stemming from her arrest by a state parole agent on a state detainer, which Plaintiff claims was based on a "bogus" charge. Id. Defendants timely removed the case to this Court on July 29, 2016. ECF No. 1.

Presently before the Court is Plaintiff's Motion for Release, ECF No. 50, in which she alleges that she is stricken with an unidentified "serious medical condition" that requires "life

---
[1] Judge Todd was dismissed from the case on July 13, 2017, pursuant to a Motion to Dismiss. ECF No. 37.

supporting medication" which the Allegheny County Jail ("ACJ") refuses to provide. Id. Plaintiff contends that, as a result, her health has progressively deteriorated which has impeded her ability to concentrate on her case and asks the Court to order her release from the ACJ. Id. The Motion will be denied.

First, Plaintiff's Motion is devoid of any facts to support her claims such as what life threatening illness she suffers from, what medication the ACJ has failed to provide, who has failed to provide it, or whether she has complained to anyone at the ACJ. Further, the ACJ is not a Defendant in this action and neither the BPP nor the DOC, who are Defendants, have any control over the ACJ or access to Plaintiff's medical records. Finally, the Court is without jurisdiction over Plaintiff's state proceedings and is without the authority to order her release. See Heck v. Humphrey, 512 U.S. 477 (1994) (claims that indirectly attack the validity of a conviction via a civil rights suit are barred unless the conviction has, in effect, been overturned).

Accordingly, the following Order is entered:

AND NOW, this 16th day of October, 2017, upon consideration of Plaintiff's Motion for Release, IT IS HEREBY ORDERED that the Motion, ECF No. 50, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Lynne Thompson
5500 Beverly Place
Pittsburgh, PA 15206

All counsel of record via CM/ECF