# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-1161 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| BOARD OF PROBATION AND PAROLE ) | |
| (PENNSYLVANIA), DEPARTMENT OF ) | |
| CORRECTION(S), HEATHER ) | |
| HILDENBRANDT, MR. DOUGLAS, JUDGE ) | Re: ECF No. 60 |
| RANDAL B. TODD, JEREMY STEWART, ) | |
| MS. TORMA, and DR. RICHARD LEARN, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Lynne Thompson ("Plaintiff") initiated this action against Defendants Board of Probation and Parole (Pennsylvania), Department of Corrections, Heather Hildenbrandt, *Parole Agent*, Mr. Douglas, *Hearing Examiner*, Jeremy Stewart, *Parole Supervisor*, Ms. Torma, Dr. Richard Learn (collectively, "the Commonwealth Defendants"), and Judge Randal B. Todd ("Judge Todd"), in the Court of Common Pleas of Allegheny County, Pennsylvania, on January 19, 2016.[1] In her Complaint, Plaintiff purports to raise civil rights claims for malicious prosecution, "wrongful incarceration," and various other actions (illegal restraint, abuse of authority, fraud, conspiracy, abuse of power, malicious arrest, prosecutorial misconduct), stemming from her arrest by a state parole agent on a state detainer, which Plaintiff claims was based on a "bogus" charge. Id. Defendants timely removed the case to this Court on July 29, 2016. ECF No. 1.

---

[1] Pursuant to a separately filed Motion to Dismiss, Judge Todd was dismissed from this action on July 13, 2017. ECF Nos. 6, 37.

Presently before the Court is a Motion to Dismiss filed on behalf of the Commonwealth Defendants. ECF No. 60. Plaintiff filed a response in opposition to the Motion to Dismiss titled "Motion for the Objections to Ruling of Docket Order #61, for the Dismissal of Failure to State a Claim." ECF No. 68. For the reasons that follow, the Motion to Dismiss will be granted.

I.  **STANDARD OF REVIEW**

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Empls.' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts

2

suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

In addition, although *pro se* filings must be held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520–521 (1972), *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Weimer v. B.I. Vanorsdale, 2012 WL 5469877, at *2 (W.D. Pa. Nov. 9 2012).

**II.   DISCUSSION**

The United States Supreme Court has held that claims which indirectly attack the validity of a conviction via a civil rights suit are barred unless the conviction has, in effect, been overturned. Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest. Heck alleged that the defendants had knowingly destroyed evidence that could have proven his innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The United States Supreme Court rebuffed the plaintiff's argument and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff*

3

> *can demonstrate that the conviction or sentence has already been invalidated.*

Id. at 486-87 (footnotes omitted) (emphasis added). Thus, where resolution of an action brought pursuant to Section 1983 would impact the validity of a criminal conviction or sentence, it is properly dismissed. Moreover, the Heck doctrine has been extended to civil rights cases in which a plaintiff challenges the revocation of his or her parole and/or probation. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006); Burton v. Delaware Cty. Court House, No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012).

As previously discussed, Plaintiff's claims in this case all stem from her arrest by a state parole agent on a state detainer, which Plaintiff claims was based on a "bogus" charge. Any judgment in Plaintiff's favor would necessarily imply the invalidity of the charge and the subsequent revocation of her parole. Because Plaintiff has not, and cannot, demonstrate that she has been acquitted of the charges upon which her parole revocation was based or that the parole detainer was overturned or otherwise found invalid, her claims are barred under Heck. Indeed, the docket sheet of Plaintiff's case that resulted in her parole violation not only shows that Plaintiff entered a plea of *nolo contender* but that no appeal was ever filed. ECF No. 61-1.[2]

---

[2] In deciding a motion to dismiss, "[i]n addition to the allegations contained in the pleadings, the Court may also review "matters of public record, exhibits attached to the complaint and items appearing in the record of the case," as well as "undisputably authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Ickes v. Flanagan, 2008 WL 859183, at *1 (W.D. Pa. Mar. 31, 2008), *quoting* Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994) and Steinhardt Group Inc. v. Citicorp, 126 F.3d 144, 145 (3d Cir. 1997). Because the docket sheet of Plaintiff's criminal case, which Defendants have attached to their Motion to Dismiss, is a matter of public record and is an indisputably authentic document, the Court may consider it without converting the Motion to Dismiss to one for summary judgment.

## III. CONCLUSION

For the foregoing reasons, the Commonwealth Defendant's Motion to Dismiss is properly granted.[3]

Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 2nd day of November, 2017, upon consideration of the Commonwealth Defendant's Motion to Dismiss and Plaintiff's response thereto, IT IS HEREBY ORDERED that the Motion, ECF No. 6, is GRANTED and the case is dismissed with prejudice. IT IS FURTHER ORDERED that the Clerk of Court is to mark the case closed.

IT IS FINALLY ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Lynne Thompson
5500 Beverly Place
Pittsburgh, PA 15206

All counsel of record via CM/ECF

---

[3] The Court notes here that because it is clear that Plaintiff's claims are barred by the Heck doctrine, allowing Plaintiff to amend the Complaint would be futile and thus the Court declines to do so. See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), *citing* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (the Court is not required to allow an amended complaint to be filed where it would be inequitable or futile).